UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSLYN BARKSDALE, #151907,

        Plaintiff,

                             Case Number 1:11-cv-10063

v.                             Honorable Thomas L. Ludington

JOSE PHILIPS,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO ACCEPT MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RECONSIDERATION**

On January 6, 2011, Plaintiff Roslyn Barksdale ("Plaintiff") filed a pro se civil rights complaint against defendant Jose Philips ("Defendant") pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Huron Valley Women's Complex in Ypsilanti, Michigan. In her complaint, Plaintiff alleges that Defendant, a business manager at the Huron Valley Women's Facility, failed to timely provide her with a financial statement that she needed to justify proceeding without prepayment of the filing fee in a state civil action challenging a prison disciplinary decision. She alleges a violation of due process and of her right to access to the courts and is seeking monetary damages. The Court summarily dismissed the complaint [Dkt. #7] pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. On March 28, 2011, Plaintiff filed a motion to accept her motion for reconsideration as timely [Dkt. #9] and a motion for reconsideration [Dkt. #10]. The Court will address each of the motions in turn.

Plaintiff requests that the Court accept her motion for reconsideration for review even though it is untimely under the Local Rules. Under the Court's Local Rules, Plaintiff had fourteen days to seek reconsideration of the Court's March 1, 2011 decision. E.D. Mich. Local Rule 7.1(h)(1). Plaintiff's motion for reconsideration, with a proof of service dated March 28, 2011, is therefore untimely. *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoners' notices of appeal in federal court are considered filed when given to prison officials for mailing); *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (federal habeas petition is deemed filed when prisoner gives petition to prison officials for mailing). However, under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days after entry of the judgment. Given the time-frame discrepancy between the two rules and the fact that Plaintiff cites Rule 59 in her motion for reconsideration, the Court will grant Plaintiff's motion to accept her motion for reconsideration as timely.

Plaintiff seeks reconsideration of the Court's dismissal of her civil rights complaint for failure to state a claim upon which relief may be granted. First, to the extent that Plaintiff seeks to cure a defect in her initial pleadings, her motion must be denied given the Court's dismissal of her complaint. The Court does not have discretion to permit Plaintiff to amend her complaint to defeat summary dismissal. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)); *see also Clayton v. United States Dep't of Justice, et al.*, 136 F. App'x 840, 842 (6th Cir. 2005).

Second, Plaintiff is not entitled to the relief she requests. A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication,

will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff has not met her burden of showing a palpable defect by which the Court has been misled or her burden of showing that a different disposition must result from a correction thereof. *See* E.D. Mich. Local Rule 7.1(h)(3).  As explained in the Court's order of dismissal, Plaintiff has not demonstrated an injury resulting from Defendant's conduct because her petition for judicial review was untimely–with or without the financial account statement.  Moreover, she has not alleged facts suggesting that Defendant's conduct was intentional.  The Court properly dismissed the complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion to accept motion for reconsideration [Dkt. #10] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for reconsideration [Dkt. #9] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Roslyn Barksdale #151907 at Huron Valley Complex - Camp Valley 3413 Bemis Road, Ypsilanti, MI 48197 by  first class U.S. mail on June 2, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS